846 F.2d 77
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Jonathan J. CHRISTIAN, Plaintiff-Appellant,
v.
Verne ORR, Secretary of the United States Air Force,
Defendant-Appellee.
 No. 87-1463.
 United States Court of Appeals, Federal Circuit.
 March 2, 1988.
 
 Before FRIEDMAN and DAVIS, Circuit Judges, and JACK R. MILLER, Senior Circuit Judge.
 FRIEDMAN, Circuit Judge.
 
 
 1
 This is an appeal from a judgment of the United States District Court for the Central District of California dismissing, for failure to state a claim upon which relief could be granted, a suit challenging the Air Force's refusal to reenlist the appellant because his mustache did not meet the applicable grooming standards. We affirm.
 
 
 2
 * This case grows out of the refusal of the Air Force to allow the appellant, T. Sgt. Christian, to reenlist in the Air Force Reserve because it concluded that Sgt. Christian's handlebar mustache did not comply with the applicable Air Force Regulations governing mustaches.
 
 
 3
 A. On December 31, 1979, two days before his enlistment would expire on January 2, 1980, Sgt. Christian attempted to reenlist. A sergeant in the Reenlistment Section denied reenlistment because Sgt. Christian's mustache did not comply with the requirement of Air Force Regulation 35-10 governing mustaches. Upon checking, the reenlistment sergeant ascertained that Lt. Col. McCoy, Sgt. Christian's commanding officer, confirmed that Sgt. Christian was not to be reenlisted. Although there is a dispute whether Sgt. Christian was told that he could reenlist in civilian clothes or if he trimmed his mustache to bring it into compliance with the regulations, it is clear that if Sgt. Christian had trimmed or shaved his mustache he would have been allowed to reenlist.
 
 
 4
 There was considerable discussion and disagreement among the military personnel involved whether Sgt. Christian's mustache did or did not comply with the regulation. Eventually the Air Force Headquarters Office that had charge of such matters in January 1980, sixteen days after Sgt. Christian's enlistment had expired and he had been separated, stated that because the regulation was unclear, it should be left to the discretion of the unit's commander (Lt. Col. McCoy) to interpret the directive.
 
 
 5
 Christian petitioned the Air Force Board for Correction of Military Records (Board). He sought reenlistment, backpay, and reinstatement of lost time for both grade and service. He contended that Lt. Col. McCoy had improperly denied reenlistment because he required Christian to conform to "his own personal grooming standards."
 
 
 6
 The Board rendered three opinions, each of which rejected Sgt. Christian's claims. In the first opinion, the Board accepted the Air Force's version of the facts contained in advisory opinions the Air Force had given to the Board. In the second opinion, the Board acknowledged that the Air Force advisory opinions it had previously relied on had been "unconscionable" for misstating certain facts. The Board, however, followed the first decision because
 
 
 7
 [i]nsufficient relevant evidence has been presented to demonstrate the existence of probable error or injustice.... By regulation, commanders are granted certain prerogatives in the application of portions of regulations which are open to interpretation. In this regard, we believe it of note that, while there was some question as to the propriety of applicant's mustache, in their message authorities at AFMPC supported the commander's determination that the applicant's mustache did not conform under the provision of the regulation which prohibits unusual facial hair. What is most clear in this case is that applicant is suffering from his own voluntary decision.... There has been no evidence presented which would cause us to believe the commander abused the discretionary authority which was his by nature of his command position. Therefore, the earlier findings in this case are affirmed and applicant's petition is not favorably considered.
 
 
 8
 The Board further held that because Christian's denial of reenlistment resulted from his own actions, the procedures under Air Force Regulation 35-16 governing denial of reenlistment were not applicable.
 
 
 9
 Christian filed another petition with the Board alleging new evidence. After careful consideration of all the evidence and several more advisory opinions by the Air Force staff, the Board again denied relief. It stated:
 
 
 10
 The primary focus of this application is, and has always been, whether or not applicant's mustache was in violation of Air Force grooming standards. It is a well established concept that commanders' [sic] and other individuals in a member's chain of command have responsibility for enforcing and interpreting grooming standards for Air Force members under their control.... In the instant case, although there was some disagreement between base level authorities, applicant's commander determined that applicant's mustache was in violation of the provision of the regulation which prohibited unusual facial hair. From the evidence, it appears that appropriate authorities at the command and AFMPC were queried on the matter and the commander's judgment was confirmed. Nothing in the evidence submitted causes us to believe that the commander abused his discretionary authority
 
 
 11
 * * *
 
 
 12
 * * *
 
 
 13
 The Board again ruled that the procedures governing nonselection for reenlistment were inapplicable.
 
 
 14
 On December 11, 1980, after the Air Force had amended its regulation to prohibit handlebar mustaches and Christian had modified (or eliminated) his mustache, he reenlisted without incident. He is now a Master Sergeant in the Air Force Reserve.
 
 
 15
 B. Christian filed suit in the district court in December 1984. He sought (1) correction of his military records to show that he had been reenlisted on January 3, 1980, and had served from then to December 11, 1980, (2) the award of "retirement points" for the period from January 3 to December 11, 1980, during which he was "unlawfully separated" from the Air Force, and (3) the "lost pay" he would have earned during the period of separation, which he stated was approximately $7,000.
 
 
 16
 On the government's motion, the district court dismissed the complaint pursuant to rule 12(b)(6) of the Federal Rules of Civil Procedure because it failed to state a claim upon which relief could be granted. The court stated that its grant of summary judgment was based on the " 'doctrine of limited reviewability of certain military regulations' " (citation omitted). The court pointed out that the "complaint itself deals with the Air Force's grooming and appearance regulations," and that "[t]he courts have declined review in other cases relating to the military's appearance code...." The court further stated that "this is an area where the court should refrain from interfering with military functions[,]" and that "[j]udicial interpretation of the military's appearance regulations would unduly interfere with the military's goals."
 
 
 17
 Finally, the court ruled that Sgt. Christian's contention that the Air Force had failed "to comply with non-selection procedures is not sufficient to merit granting review. The problem with this allegation is one of redressibility [sic]. Assuming the proper paperwork had been filed, it is unclear whether the outcome would have been different."
 
 II
 
 18
 A. The Board reviewed this case three times, and each time it held that a legal error or injustice had not been shown. The Board properly recognized that commanding officers had discretion in interpreting and applying the Air Force's grooming regulations. Although there was disagreement within the Air Force whether Sgt. Christian's mustache complied with the regulation, his commanding officer concluded that it did not, and the Air Force Headquarters that had the final say in this matter ultimately agreed with the commander. The Board twice held that the evidence did not show that the commander "abused his discretionary authority" to interpret and apply the mustache regulation, and thus necessarily rejected Sgt. Christian's contention that Lt. Col. McCoy's denial of reenlistment reflected only that officer's "own personal grooming standards." Moreover, there is no question that, if Sgt. Christian had modified his mustache instead of challenging his commanding officer's interpretation of the mustache regulation, he could have obtained reenlistment.
 
 
 19
 We have carefully reviewed the record, and we cannot say that the Board erred in concluding that no legal error or injustice had been shown and therefore that Sgt. Christian was not entitled to have his records corrected to show that he was a member of the Air Force Reserve from January 3 to December 11, 1980. For this reason we affirm the judgment of the district court dismissing his suit seeking such relief.
 
 
 20
 B. Our decision of this question also undermines the basis and compels rejection of Sgt. Christian's claim for "lost pay" for the period during which he was not a member of the Air Force Reserve. His pay claim is subject to the further infirmity that because he had not been a member of the Reserve during that period for which he sought pay, he was not entitled to the pay that members of the Reserve receive. See United States v. Testan, 424 U.S. 392, 402 (1976) ("[t]he established rule is that one is not entitled to the benefit of a position until he has been duly appointed to it").
 
 
 21
 The judgment of the United States District Court dismissing the complaint is affirmed.